**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MRI ASSOCIATES OF ST. PETE, INC. ) <br> d/b/a SAINT PETE MRI, as assignee, ) <br> individually, and on behalf of all those ) <br> similarly situated, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> DAIRYLAND INSURANCE COMPANY, ) <br> PEAK PROPERTY AND CASUALTY ) <br> INSURANCE CORP., ) <br> ) <br>       Defendants. ) <br> _____/ | **Case No.: 8:11-cv-665-T-30MAP** <br><br> CLASS ACTION |

**AMENDED ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE OF FAIRNESS HEARING ON THURSDAY, JANUARY 24, 2013, AT 9:00 A.M.**

This matter is before the Court upon the parties' Joint Motion for Preliminary Approval of Class Action Settlement. Having reviewed the record and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Preliminary Approval of Class Action Settlement is GRANTED as follows:

**Preliminary Approval of the Proposed Settlement**

1. The Court has jurisdiction over the subject matter of this action, and over the parties and the Settlement Class (as defined below). *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

1

2. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court certifies the Settlement Class and preliminarily approves the proposed settlement, and each of the Exhibits thereto, and finds that: (a) the proposed settlement resulted from arm's-length negotiations and was concluded only after Class Counsel had duly investigated the issues raised by Plaintiff's claims; (b) the proposed settlement of this action makes available valuable consideration commensurate with the alleged harm; and (c) the proposed settlement evidenced by the Stipulation is sufficiently fair, reasonable and adequate to warrant sending notice of this action and the proposed settlement to the members of Settlement Class (defined below) and holding a full hearing on the proposed settlement.

**Certification of the Settlement Class**

3. For purposes of settlement of this action and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3), this action is certified as a class action on behalf of the following "Settlement Class:"

> All persons or entities: (a) who are health care providers as described by Section 627.736(1)(a), Florida Statutes (2007-2011), or their assigns; (b) who any time during the Class Period provided medical services to any person insured by SENTRY INSURANCE under a Covered Auto Policy; (c) who own an assignment of benefits from said insured; (d) who submitted bills to SENTRY INSURANCE for payment of such medical services; (e) where the amounts charged exceeded the rates described in Section 627.736(5)(a)2.a. through f., Florida Statutes (2007-2011); and (f) who received payment from SENTRY INSURANCE based on the rates described in Section 627.736(5)(a)2.a. through f., Florida Statutes (2007-2011).
>
> Excluded from the Settlement Class are: (1) any claims for medical services reimbursed pursuant to PIP or other no-fault medical benefits coverage provided under motor vehicle insurance policies that expired on or before December 31, 2007; (2) any claims resolved by separate settlement or in demand prior to the end of the Class Period; (3) any claims resolved under the May 5, 2010 Final Judgment, any amended Final Judgment, or any approved class

>settlement addressing post-final judgment claims in *AFO Imaging, Inc. v. Peak Prop. & Cas. Ins. Corp. et al.,* Case No. 21533, In the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, Florida; (4) SENTRY INSURANCE, any entities in which SENTRY INSURANCE has a controlling interest, and all of their legal representatives, heirs and successors; and (5) members of the judiciary for the United States District Court for the Middle District of Florida.

Persons or entities described as members of the Settlement Class are referred to in this Order as "Settlement Class Members"

    4.    The following defined terms in the Settlement Class definition shall have the same meaning as used in this Order and as defined in the Settlement Agreement:

    (a)    "Class Period" means the period beginning on January 1, 2008 and continuing through the time that any medical services are provided and reimbursed under a Covered Auto Policy;

    (b)    "Covered Auto Policy" means all motor vehicle policies issued by SENTRY INSURANCE under Florida law that: (a) included PIP, Medical Payments, or Medical Expense no-fault coverage; (b) were issued on or after January 1, 2008, but were not issued on or after January 1, 2013; and (c) did not include any express reference to the schedule of maximum charges referenced in Section 627.736(5)(a)2.a-f of the Florida Motor Vehicle No-Fault Law;

    (c)    "SENTRY INSURANCE" means Sentry Insurance a Mutual Company, Dairyland Insurance Company, Peak Property and Casualty Insurance Corporation, and Middlesex Insurance Company.

    5.    The Court finds for purposes of the settlement of this action (and only for such purposes, and without adjudicating whether a class should be certified if the settlement is not approved or does not otherwise become final), that the requirements of Federal Rule of Civil

Procedure 23 and applicable law have been met. Rule 23 (a), (b)(2), and (b)(3) require that (i) the members of the Settlement Class are so numerous that joinder of all individual Class members is impracticable, (ii) the claims or defenses of the representative parties raise questions of law or fact common to the questions of law or fact raised by the claims or defenses of each member of the Settlement Class, (iii) the claims or defenses of Plaintiff are typical of the claims or defenses of each member of the Settlement Class, (iv) Plaintiff can fairly and adequately protect and represent the interests of each member of the Settlement Class, (v) the Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, and (vi) the questions of law or fact common to the claims or defenses of Plaintiff and each member of the Settlement Class predominate over any questions of law or fact affecting only individual members of the Settlement Class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. As set forth in the Joint Motion, the Settlement Class includes over one thousand health care providers. The lawsuit concerns the proper reimbursement amount under Section 627.736(5)(a). Specifically, Plaintiff challenges the extent to which SENTRY INSURANCE can rely on the schedule of maximum charges set forth under that statute and the Covered Auto Policy language. The parties propose a settlement structure that would create a compromised formula for reimbursement to Settlement Class Members, which eliminates the potential for individualized issues and procedural barriers that are often raised in opposition to class certification. Thus, the Court finds that certification is warranted under the circumstances of the proposed settlement of this case. *See Amchem Prods., Inc. v.*

*Windsor*, 117 S. Ct. 2231, 2248 (1997); *Sullivan v. DB Investments, Inc.,* 667 F. 3d 273 (3rd Cir. 2011).

6. Plaintiff is designated as the representative of the Settlement Class for the purpose of representing the Settlement Class through the Court's consideration of the proposed settlement.

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court approves and appoints counsel for Plaintiff MRI Associates of St. Pete, Inc. as counsel for the Settlement Class for the purpose of representing the Settlement Class through the Court's consideration of the proposed settlement, and they are referred to herein as "Class Counsel." Class Counsel are the law firms of The Jeeves Law Group, P.A., Craig A. Rothburd, P.A., The Divale Law Group, P.A., and de la Parte & Gilbert, P.A.

8. The appointment of either Rust Consulting, Inc. or A.B. Data, Ltd. as "Class Administrator," as agreed in the Settlement Agreement, is approved for purposes of providing notice, administering requests for exclusion ("Opt-Out exclusion requests") and other communications with Settlement Class Members, and otherwise administering the proposed settlement pursuant to the Settlement Agreement and the Order(s) of the Court. The parties and their representatives are authorized to share with the Class Administrator and opposing counsel confidential and privacy protected business and personal information in connection with administration of this settlement. Such information shall remain confidential and private, and shall not be disclosed to any other person absent express authorization from the Court.

**Preliminary Approval of Settlement**

9. The preliminary approval stage requires the Court to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms. "In

determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Crop.,* 737 F. 2d 982, 986 (11th Cir. 1984) The *Bennett* court noted factors to consider in determining whether a settlement is fair, adequate and reasonable for purposes of preliminary approval:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett,* 737 F. 2d at 986.

10. After considering those and other factors, as set forth in the Joint Motion, the Court finds for purposes of preliminary approval that the proposed settlement was reached after extensive arms-length negotiations, yielding a formula and process for settlement relief within the range of possible recovery. Moreover, this case presents complex substantive and procedural issues that could take years to resolve. Accordingly, the Court preliminarily approves the settlement as fair, adequate, and reasonable, subject to further consideration after notice and a fairness hearing.

### Fairness Hearing

11. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Fairness Hearing") will be held on **THURSDAY, JANUARY 24, 2013, AT 9:00 A.M.**, at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602, (Time reserved: 15 minutes) to determine:

(a) whether this action should be finally certified as a class action for settlement purposes;

(b) whether the proposed settlement of this action should be approved as fair, reasonable and adequate;

(c) whether this action should be dismissed on the merits and with prejudice pursuant to the terms of the settlement;

(d) whether Settlement Class Members should be bound by the release set forth in the proposed settlement;

(e) whether Class Counsel's application for an award of attorneys' fees and expenses should be approved; and

(f) whether the named Plaintiff's application for an incentive award should be approved.

**Pre-Hearing Notice to Settlement Class Members**

12. Pursuant to the terms of the Settlement Agreement, SENTRY INSURANCE shall cause, through the Class Administrator, the Notice of Proposed Class Action Settlement and Fairness Hearing (the "Class Notice") to be provided to potential members of the Settlement Class.

(a) **Notice by Mail**. Within thirty (30) days of the entry of this Order, or such other reasonable time frame as the parties may agree, the Class Administrator shall print and cause to be mailed by First-Class Mail, postage prepaid, the Class Notice substantially in the form as filed with this Court to health care providers who are identified as potential Settlement Class Members, at their last known address of record, as determined by a reasonable search of the bill review database provided to SENTRY INSURANCE by Mitchell Medical, SENTRY INSURANCE's medical bill review vendor in Florida during the Class Period. Addresses of potential Settlement Class Members identified by SENTRY INSURANCE will be run through the National Change of Address database prior to mailing.

(b) **Supplemental Class Notice**. Approximately 60 days after the initial mailing of the Class Notice, and approximately every 60 days thereafter through the end of the Class Period, the Class Administrator shall cause to be mailed by First-Class Mail, postage prepaid, a supplemental Class Notice, substantially in the form as filed with this Court, to health care providers who were not previously mailed a Class Notice and who, during the Class Period, are identified as potential Settlement Class Members as determined by an updated medical bill review database provided by Mitchell Medical to SENTRY INSURANCE. The Supplemental Class Notices shall be comprised of the Class Notice plus an explanatory cover notice substantially in a form to be approved by the Court, which may be updated by the parties without further review and approval by the Court to reflect the updated status of the settlement process.

(c) **Re-mailing**. In the event that a mailing to a Settlement Class Member containing the Class Notice is returned to the Class Administrator, the Class Administrator shall resend by First-Class Mail, postage prepaid, the Class Notice to the forwarding address, if one is provided by the United States Postal Service.

(d) **Proof of Mailing**. At or before the Fairness Hearing, the parties or the Class Administrator shall file with the Court a proof of mailing of the initial and supplemental Class Notices.

(e) **Notice to Federal and State Officials.** SENTRY INSURANCE shall, through counsel or the Class Administrator, provide notice to federal and state officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

13. Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the parties, (c) the stake of each Settlement Class

Member, and (d) the possibility that certain Settlement Class Members might desire to exclude themselves from the Settlement Class or appear individually, the Court finds that notice given in the form and manner provided in this Order meets the requirements of the Federal Rules of Civil Procedure, including Rule 23, and due process, and is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members (i) of the pendency and nature of this action, (ii) the definition of the class certified; (iii) the class claims, issues, or defenses and the terms of the proposed settlement; (iv) the right to appear and object to the proposed settlement; (v) the right to exclude themselves from the Settlement Class; (vi) the time and manner for requesting exclusion from the Settlement Class; and (vii) that any judgment, whether favorable or not, will bind all Settlement Class Members who do not request exclusion.  The Court further finds that the Class Notice is written in plain English and is readily understandable by Settlement Class Members.  In sum, the Court finds that the proposed notice, texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure, the Constitutions of the United States (including the Due Process Clause) and Florida, the Rules of this Court, and any other applicable rules or law.

**Exclusion from Settlement Class**

14. Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely submit an Opt-Out exclusion request to the Class Administrator in the manner set forth below.

(a) Any written Opt-Out exclusion request must contain the following:  (i) the Settlement Class Member's full legal name and any aliases; (ii) the Settlement Class Member's Tax ID Number (if an entity) or last four digits of his or her Social Security

9

Number (if a person); (iii) the Settlement Class Member's address; (iv) an expression of the Settlement Class Member's desire to opt out or be excluded from the Settlement Class; and (v) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory.

(b)  A separate Opt-Out exclusion request must be submitted by each person or entity who wants to be excluded from the settlement.  Unless the Opt-Out exclusion request states that it is limited to any particular claims, insureds, or dates of service, the Opt-Out exclusion request shall be deemed to cover any and all of the Settlement Class Member's claims which accrued during the Class Period.

(c)  If the Opt-Out exclusion request is submitted by someone other than the Settlement Class Member, or an officer or authorized employee of the Settlement Class Member, then the third party signor (e.g., attorney, billing agent, or other third party) must include the following attestation on the Opt-Out exclusion request:  "I certify and attest to the Court that the Settlement Class Member on whose behalf this Opt-Out exclusion request is submitted, has been provided a copy of and opportunity to read the Class Notice and thereafter specifically requested to be excluded from this Settlement Class."

(d)  Any written Opt-Out exclusion request must be sent by first-class mail, postage prepaid, and postmarked no later than forty-five (45) days after mailing of the Class Notice to the Settlement Class Member, and addressed to the Class Administrator at the address identified in the Class Notice.

(e)  Within ten (10) business days of the postmark date on the Opt-Out exclusion request, SENTRY INSURANCE may object that a timely submitted Opt-Out exclusion request fails to conform with the requirements approved by the Court, and therefore

is invalid. SENTRY INSURANCE's objection shall specify the basis of the asserted non-compliance and shall be made in writing to Class Counsel and the Settlement Class Member that has submitted the Opt-Out exclusion request. An Opt-Out exclusion request that has been objected to by SENTRY INSURANCE shall not be deemed valid or effective unless: (1) the objection is cured by the Settlement Class Member within ten (10) business days of receiving the objection, (2) resolved among the interested parties, or (3) adjudicated by the Court at the Fairness Hearing or another duly set hearing. Untimely Opt-Out exclusion requests shall be invalid unless and until expressly accepted as valid by SENTRY INSURANCE or the Court.

15. At or before the Fairness Hearing, the parties or Class Administrator shall file with the Court a list identifying all persons or entities who timely submitted written Opt-Out exclusion requests complying with this Order.

16. If the proposed settlement is approved, any Settlement Class Member who is not deemed by the Court as having submitted a valid Opt-Out exclusion request complying with this Order and the Class Notice shall be bound by Settlement Agreement and all subsequent proceedings, orders and judgments in this action. SENTRY INSURANCE may rely on the Tax I.D. number identified by the provider on its Opt-Out exclusion request to determine whether or not a provider has excluded itself from the Settlement Class.

**Objections**

17. A Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class may submit a written objection for the Court's consideration, including without limitation objections to the final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the representation by the Class Representatives or by Class Counsel, the request of Class Counsel for fees and expenses or the compensation to the Class Representative, in the manner set forth

below.  A Settlement Class Member who is provided notice only after entry of the Final Order and Judgment approving the proposed settlement (if the settlement is approved) may not delay implementation of the settlement by objection, but may exclude itself as provided in this Order or pursue other remedies for relief from judgment provided by applicable law with respect to its individual claims only.

    (a)  Each objection must be in writing and include: (i) a prominent identifying reference to the case as follows "St. Pete MRI v. Dairyland et al., Civil Case No. 8-11-cv-00665-JSM-MAP"; (ii) the name and address of the objector; (iii) the objector's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a person); (iv) a statement of each objection being made; (v) a statement indicating whether the objector intends to appear at the Fairness Hearing; (vi) a list of witnesses whom the objector may call by live testimony and copies of any documents or papers that the objector plans to submit; and (vii) if available, the SENTRY INSURANCE policy and/or claim number(s) effected by the Settlement.

    (b)  The Settlement Class Member must file the written objection with the Court and serve copies upon the following:

| Class Counsel | Counsel For SENTRY INSURANCE |
|---|---|
| Scott Jeeves, Esq. | Edward K. Cottrell, Esq. |
| The Jeeves Law Group, P.A. | Fowler White Boggs P.A. |
| 954 First Avenue North | 50 N. Laura Street, Suite 2800 |
| St. Petersburg, FL  33705 | Jacksonville, FL  32202 |

Any such written objections must be filed with the Court and served upon the above counsel postmarked no later than forty-five (45) days after initial mailing of the Class Notice to the Settlement Class Member  In addition, notwithstanding the foregoing, any and all objections must be filed or served no less than five (5) business days prior to the Fairness Hearing.

18. Any Settlement Class Member who does not timely file and serve a written objection complying with the terms of this Order and the Class Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection(s) to the settlement, and any untimely objection(s) shall be barred.

**Appearances at the Fairness Hearing**

19. Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Fairness Hearing, either in person or through counsel retained at the Settlement Class Member's expense, by timely submitting a Notice of Intent to Appear in the manner set forth below.

(a) Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must file with the Court and serve upon Class Counsel and counsel for SENTRY INSURANCE, at the addresses specified above in this Order, a Notice of Intent to Appear. The Notice of Intent to Appear must contain: (i) a prominent identifying reference to the Lawsuit as follows "St. Pete MRI v. Dairyland et al., Civil Case No. 8-11-cv-00665-JSM-MAP;" and "Notice of Intent to Appear;" (ii) the Settlement Class Member's full legal name and any aliases; (iii) the Settlement Class Member's Tax ID Number (if an entity) or last four digits of his or her Social Security Number (if a person), address, and telephone number; (iv) the signature of the Settlement Class Member or an authorized representative of the Settlement Class Member, indicating the name and position of the signatory; and (v) if counsel will appear on the Settlement Class Member's behalf, the counsel's full name, address, telephone number, and bar number.

(b) Notices of Intent to Appear must be filed with the Court and served upon the above Class Counsel and SENTRY INSURANCE's counsel at the addresses set forth above in this Order postmarked no later than forty-five (45) days after mailing of the Class

Notice. In addition, notwithstanding the foregoing, any and all Notices of Intent to Appear must be filed or served no less than five (5) business days prior to the Fairness Hearing.

20. Any Settlement Class Member who does not timely file and serve a Notice of Intent to Appear complying with this Order and the Class Notice shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**Tolling**

21. Because Settlement Class Members will be eligible to receive compensation through the settlement instead of having to bring their own lawsuits and because bringing a separate lawsuit would be inconsistent with participation in the Settlement Class, the Court finds that the following tolling order is appropriate:

> The statute of limitations and all other presuit time limits, including without limitation any time limits to pay or otherwise respond to notices of intent to initiate litigation (a/k/a demand letters) under Chapter 627 of the Florida Statutes or notices of violation (a/k/a civil remedy notices) under Chapter 624 of the Florida Statutes, shall be tolled until the Court either grants or denies final approval of the proposed settlement and such order or judgment becomes final, provided that the tolling shall terminate ten (10) business days after submission of an Opt-Out exclusion request, as indicated by the postmark date of such request submitted to the Class Administrator, with respect to any Settlement Class Member that submits a timely, written Opt-Out exclusion request that has not been challenged by SENTRY INSURANCE as provided in this Order or that is otherwise approved by the Court. Upon receipt of any such notices of intent to initiate litigation under Chapter 627 of the Florida Statutes or notices of violation under Chapter 624 of the Florida Statutes, SENTRY INSURANCE shall send a response to the Settlement Class Member that encloses copies of the Class Notice and this Order, and advises of the proposed settlement and this tolling provision, as well as how the Settlement Class Member can obtain further information regarding the settlement.

The response shall be in a form substantially in the form as Exhibit E to the Settlement Agreement.

**Other Provisions**

22.     Capitalized terms used in this Order that are not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement.

23.     This Order shall become null and void *ab initio*, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed settlement is not finally approved by the Court, or does not become final pursuant to the terms of the Settlement Agreement; or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders or findings therein, including this Order, shall be used or referred to for any purpose whatsoever in this or any other action or proceeding.

24.     SENTRY INSURANCE shall retain the right to communicate with and respond to inquiries from Settlement Class Members and persons who are sent the Class Notice orally and/or in writing, and it may do so through any appropriate representatives, under the following terms and conditions:

a.      During the period following the date of this Order, SENTRY INSURANCE or its designees may in the ordinary course of business continue to process and respond to all inquiries or complaints, notwithstanding the fact that certain complaints may originate with Settlement Class Members or persons who are sent the Class Notice and may concern claims that otherwise could be eligible for relief under the Settlement Agreement.

    b.  Communications by SENTRY INSURANCE or its designees about the proposed settlement with Settlement Class Members or persons who are sent the Class Notice shall only be made jointly or in the presence of Plaintiff's counsel or with Plaintiff's counsel's express consent, or as approved by this Court.  However, Plaintiff's counsel may engage in privileged communications and other advice or respond to inquiries by Settlement Class Members, so long as such communications would not otherwise be inconsistent with the intent of this Subsection that communications similar in content to groups of Settlement Class Members or persons who are sent the Class Notice be made jointly.

  25.  This Order shall not be construed or used as an admission, concession, declaration or finding by or against SENTRY INSURANCE of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes.  Nor shall this Order be construed or used as an admission, concession, declaration or finding by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.  Other than for purposes to enforce this Order or the Settlement Agreement, if finally approved, neither this Order nor the Settlement Agreement (or any communications or proceedings in connection therewith) shall be offered or received in evidence in this action or any other action or proceeding, or be used or asserted in any way as an admission, concession or evidence of any matter whatsoever.

  26.  No discovery with regard to the Settlement Agreement or the proposed settlement and its administration shall be permitted by any Settlement Class Member or any other person, other than as may be directed by this Court upon a proper showing seeking such

discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure.

27. The Court may continue or adjourn the Fairness Hearing without further written notice.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-665 Preliminary Approval Order.docx