UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.
d/b/a SAINT PETE MRI, as assignee,
individually, and on behalf of all those
similarly situated,

       Plaintiff,

vs.

DAIRYLAND INSURANCE COMPANY,
PEAK PROPERTY AND CASUALTY
INSURANCE CORP., SENTRY INSURANCE,
A MUTUAL COMPANY, and MIDDLESEX
INSURANCE COMPANY.

       Defendants.

_____/

CLASS REPRESENTATION

Case No.: 8:11-CV-665-JSM-MAP

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLASS ACTION CLAIMS WITH PREJUDICE

THIS CAUSE came before the Court on January 24, 213 for a duly noticed Fairness Hearing pursuant to Federal Rule of Civil Procedure 23. The Court, having considered the record and the arguments of counsel and being otherwise advised in the premises, states:

WHEREAS, the Plaintiff, and the Defendants have entered into a class action settlement agreement filed with this Court ("Settlement Agreement"), together with related documents; and

WHEREAS, the Court entered an Amended Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement and Notice of Fairness Hearing on Thursday, January 24, 2013, at 9:00 a.m. (the "Order of Preliminary Approval"), certifying a class in this action for settlement purposes; preliminarily approving the proposed settlement; ordering notice to potential class members; providing those persons with an opportunity either to exclude

themselves from the Settlement Class or to object to the proposed settlement; and scheduling a Fairness Hearing; and

WHEREAS, the Court held a duly noticed Fairness Hearing on January 24, 2012, to determine whether to finally approve the proposed settlement; and

WHEREAS, the parties have complied with the Order of Preliminary Approval and the Court finds that the Settlement Agreement is fair, adequate, and reasonable, and that it should be finally approved.

NOW THEREFORE, based on the submissions of the parties and Settlement Class Members, any objections, any testimony adduced at the Fairness Hearing, the pleadings on file, and the argument of counsel, the Court hereby finds, and it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.      **Incorporation of Defined Terms**. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment and in the release attached hereto as Appendix "B" hereto shall have the meanings set forth in the definitions set forth in Appendix "A" hereto.

2.      **Jurisdiction**. The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over the Lawsuit, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in the Lawsuit or the Released Claims, and to dismiss the claims in this Lawsuit on the merits and with prejudice.

3.      **Final Class Certification**. The Settlement Class that this Court previously certified in its Order of Preliminary Approval is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(2) and (3). The Court adopts and incorporates its

{00351230.2 }

2

class certification findings as set forth in its Order of Preliminary Approval. The "Settlement

Class" consists of:

> All persons or entities: (a) who are health care providers as
> described by Section 627.736(1)(a), Florida Statutes (2007-2011),
> or their assigns; (b) who any time during the Class Period provided
> medical services to any person insured by SENTRY INSURANCE
> under a Covered Auto Policy; (c) who own an assignment of
> benefits from said insured; (d) who submitted bills to SENTRY
> INSURANCE for payment of such medical services; (e) where the
> amounts charged exceeded the rates described in Section
> 627.736(5)(a)2.a. through f., Florida Statutes (2007-2011); and
> (f) who received payment from SENTRY INSURANCE based on
> the rates described in Section 627.736(5)(a)2.a. through f., Florida
> Statutes (2007-2011).

> "Covered Auto Policy(ies)" shall mean all motor vehicle policies
> issued by SENTRY INSURANCE under Florida law that:
> (a) included PIP, Medical Payments, or Medical Expense no-fault
> coverage; (b) were issued or were in effect on or after January 1,
> 2008; but were not issued on or after January 1, 2013; and (c) did
> not include any express reference to the schedule of maximum
> charges referenced in Section 627.736(5)(a) of the No-Fault Law.

> The Class Period means the period beginning on January 1, 2008
> and continuing through the time that any medical services are
> provided and reimbursed under a Covered Auto Policy.

> Excluded from the Settlement Class are: (1) any claims for medical
> services reimbursed pursuant to PIP or other no-fault medical
> benefits coverage provided under motor vehicle insurance policies
> that expired on or before December 31, 2007; (2) any claims
> resolved by separate settlement or in demand prior to the end of the
> Class Period; (3) any claims resolved under the May 5, 2010 Final
> Judgment, any amended Final Judgment, or any approved class
> settlement addressing post-final judgment claims in *AFO Imaging,
> Inc. v. Peak Prop. & Cas. Ins. Corp. et al.,* Case No. 21533, In the
> Circuit Court of the Thirteenth Judicial Circuit of the State of
> Florida, in and for Hillsborough County, Florida; (4) SENTRY
> INSURANCE, any entities in which SENTRY INSURANCE has a
> controlling interest, and all of their legal representatives, heirs and
> successors; and (5) members of the judiciary for the United States

District Court for the Middle District of Florida.

4.    **Adequacy of Representation.** The Court finds that Class Counsel and Plaintiff have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

5.    **Class Notice**. The Court finds that the content and distribution of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Class Notice"), in accordance with the terms of the Settlement Agreement and this Court's Order of Preliminary Approval, and as explained in the declarations filed at or before the Fairness Hearing:

(a)    constituted the best practicable notice to Settlement Class Members under the circumstances of this action;

(b)    was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of this class action; (ii) their right to exclude themselves from the Settlement Class and the proposed settlement; (iii) their right to object to any aspect of the proposed settlement (including without limitation final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiff or Class Counsel, the award of attorneys' fees and expenses to Class Counsel and/or the award of an incentive payments to the named Plaintiffs); (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the orders and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons or entities who do not request exclusion from the Settlement Class;

{00351230.2 }

(c)    was reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to be provided with notice; and

(d)    fully satisfied the requirements of the United States Constitution, the Florida Constitution, the Federal Rules of Civil Procedure, the Rules of this Court, and any other applicable rules or law.

(e)    the Court adopts and incorporates herein the Affidavit of Joel Botzet on behalf of Settlement Class Administrator, Rust Consulting, Inc. Regarding SENTRY INSURANCE Class Administration as the list of Settlement Class Members who were provided direct mail notice of the settlement and are therefore bound by this Final Order and Judgment, excluding only those persons or entities identified as Opt-Outs as provided herein.

The Court approves the form of supplemental Class Notice attached as Exhibit "A" to the Joint Motion for Final Approval of Proposed Class Action Settlement (the "Joint Motion.")

6.    **CAFA Notice.** The Court finds that the content and distribution of the notice provided to state and federal officials satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. The Affidavit of Edward K. Cottrell Regarding Mailing of CAFA Notice has been filed in conjunction with the Joint Motion [Dkt. 55].

7.    **Opt-Outs.** A list of those persons or entities who have timely and validly excluded themselves from the Settlement Class (i.e., Opt-Outs), and who therefore are not bound as Settlement Class Members by this Final Order and Judgment, is attached hereto as Appendix "C," which is incorporated herein and made a part hereof for all purposes. The parties shall supplement the opt out list as necessary to identify any Settlement Class Members who timely submit a valid Opt-Out exclusion request after the date of this Final Order and Judgment.

{00351230.2 }

5

**8.      Final Settlement Approval.**    The terms and provisions of the Settlement Agreement, including all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of Plaintiff and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable rules or law.  The parties and Settlement Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.  To the extent, if any, that objections to the Settlement Agreement were filed, such objections, if any, have been considered by the Court and are hereby overruled.

**9.      Binding Effect.**  The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, representatives, executors and administrators, successors and assigns, and those terms shall have *res judicata* and full preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Lawsuit or are otherwise encompassed by the Release described in the next paragraph of this Final Order and Judgment.

**10.      Release.**  Upon the Effective Date, the Release attached hereto as Appendix "B" shall be valid and binding.

11.     **Bar to Asserting Released Claims.**  Upon the Effective Date, the Plaintiff and all

Settlement Class Members who have not been recognized by the Court as validly excluded from

the Settlement Class, whether or not they return a Claim Form within the time and in the manner

provided for, shall be barred from asserting any Released Claims against the Released Parties,

and Plaintiff and the Settlement Class Members shall have released any and all Released Claims

against the Released Parties.

12.     **Permanent Injunction.**   All Settlement Class Members who have not been

recognized by the Court as validly excluded from the Settlement Class are hereby permanently

barred and enjoined from: (i) filing, commencing, prosecuting, continuing to prosecute,

maintaining, intervening in, participating in (as class members or otherwise), or receiving any

benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other

proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or

the facts and circumstances relating thereto, in the Lawsuit and/or the Released Claims;

(ii) organizing or soliciting the participation of any Settlement Class Members in a separate class

for purposes of pursuing as a purported class action (including by seeking to amend a pending

complaint to include class allegations, or by seeking class certification in a pending action) any

lawsuit or other proceeding based on the Released Claims; and (iii) assigning to any other person

the Released Claims under this Final Order and Judgment.  The Court finds that issuance of this

permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the

Lawsuit and to protect and effectuate the Court's Final Order and Judgment.  In the event any

Settlement Class Member who has not been recognized by the Court as validly excluded from

the Settlement Class serves upon SENTRY INSURANCE a notice of intent to initiate litigation

under Chapter 627 of the Florida Statutes or a civil remedy notice under Chapter 624 of the Florida Statutes, SENTRY INSURANCE shall cause to be sent to such Settlement Class Member a form response in substantially the form attached as Exhibit "B" to the Joint Motion for Final Approval of Proposed Class Action Settlement, advising the Settlement Class Member of this permanent injunction and the release of claims described in paragraph 10, above.

13. **Enforcement of Settlement**. Nothing in this Final Order and Judgment or any order entered in connection herewith shall preclude any action to enforce the terms of this Final Order and Judgment or the Settlement Agreement.

14. **Attorneys' Fees and Expenses**. Class Counsel are hereby awarded attorneys' fees and costs as set forth below. The Jeeves Law Group, P.A., Craig E. Rothburd, P.A., The Divale Law Group, P.A., and de la Parte & Gilbert, P.A. are awarded a total collective payment of attorneys' fees and expenses in the amount of One Hundred and Eighty Two Thousand and Fifty Eight Dollars ($182,058). SENTRY INSURANCE may fulfill its payment obligation according to the terms set forth in the Settlement Agreement or as otherwise agreed by Class Counsel and SENTRY INSURANCE. SENTRY INSURANCE shall make payment of the foregoing amount awarded within twenty (20) business days of the Effective Date.

15. **Incentive Awards**. The named Plaintiff, MRI Associates of St. Pete, d/b/a Saint Pete MRI, is hereby awarded $5,000 as compensation for its time and effort in connection with the litigation of this matter. This payment shall be made within twenty (20) business days of the Effective Date in a reasonable manner as directed by counsel for the named Plaintiff.

16. **No Other Payments**. Paragraph 14 of this Final Order and Judgment covers and shall be SENTRY INSURANCE's sole obligation for any and all claims for attorneys' fees and

{00351230.2 }

8

expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or incurred by Plaintiff or the Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the settlement of the Lawsuit, the administration of such settlement, and/or the Released Claims except to the extent otherwise specified in this Final Order and Judgment and the Settlement Agreement.

17.   **No Admissions.**   Neither this Final Order and Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to negotiate, effectuate and implement the Settlement Agreement) is, may be construed as, or may be used as an admission or concession by or against any party hereto as to the validity or invalidity of any claim or defense, or of any actual or potential fault or liability, or of any lack of fault or liability. Additionally, neither the Settlement Agreement nor any negotiations, actions, or proceedings related to it, shall be offered or received in evidence in any action or proceeding against any party hereto or SENTRY INSURANCE in any court, administrative agency or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed and used in any action, arbitration or other proceeding against or by SENTRY INSURANCE to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

18.   **No Representations Regarding Taxes.**   The Court finds that the parties and their counsel have expressed no opinions concerning the tax consequences of the settlement to Settlement Class Members and have made no representations, warranties or other assurances

regarding any such tax consequences.   No opinions, representations, warranties, or other assurances shall be deemed to have been made by the parties or their counsel with respect to any such tax consequences by virtue of the Settlement Agreement or by effectuating the settlement, and the parties and their counsel shall not be responsible or liable for any such tax consequences that may occur.

19.   **Discovery.**   The confidentiality provisions of the Court's Order of Preliminary Approval shall remain in force.   No discovery with regard to the Settlement Agreement or the proposed settlement and its administration shall be permitted by any Settlement Class Members or other persons, other than as may be directed by this Court upon a proper showing seeking such discovery by motion properly filed with this Court noticed and served in accordance with the governing rules of procedure.

20.   **Dismissal of Claims.**   The claims asserted in the Lawsuit, including all of the individual and class claims alleged therein and those identified as Released Claims, are hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as specifically provided in this Final Order and Judgment.

21.   **Retention of Jurisdiction.**   Without affecting the finality of this Final Order and Judgment, the Court shall have exclusive and continuing jurisdiction over the implementation, interpretation, execution, and enforcement of the Settlement Agreement; of any orders and this Final Order and Judgment entered by the Court; of any questions regarding membership or exclusion from the Settlement Class and/or of the conduct or the policies and procedures described herein, with respect to all parties hereto and all beneficiaries hereof, including all

{00351230.2 }

Settlement Class Members.

Signed this _24_ day of _Jan_, 2013.

_____
Honorable James S. Moody, Jr.
United States District Court Judge

Conformed copies:
All parties of record

{00351230.2 }

11

### APPENDIX "A"

### <u>DEFINITIONS</u>

Except where otherwise indicated, all capitalized terms used in the foregoing Final Order and Judgment and its Appendices shall have the meanings set forth below.

A.    "Class Counsel" means, collectively, counsel for MRI Associates of St. Pete d/b/a Saint Pete MRI and the Settlement Class: The Jeeves Law Group, P.A., Craig E. Rothburd, P.A., The Divale Law Group, P.A., and de la Parte & Gilbert, P.A.

B.    "Class Member(s)" or "Settlement Class Member(s)" means the named Plaintiff as well as any member of the Settlement Class as defined in the Settlement Agreement who is not recognized as excluded from the Settlement Class as set forth in Exhibit "C" to this Final Order and Judgment or subsequent order of this Court.

C.    "Class Period" means the period beginning on January 1, 2008 and continuing through the time that any medical services are provided and reimbursed under a Covered Auto Policy.

D.    "Court" means the Court presiding over the Lawsuit.

E.    "Covered Auto Policy(ies)" mean all motor vehicle policies issued by SENTRY INSURANCE under Florida law that: (a) included PIP, Medical Payments, or Medical Expense no-fault coverage; (b) were issued or were in effect on or after January 1, 2008; but were not issued on or after January 1, 2013; and (c) did not include any express reference to the schedule of maximum charges referenced in Section 627.736(5)(a)2.a-f of the No-Fault Law.

F.    "Effective Date" means the date on which the Court's Final Order and Judgment becomes final, without modification, and no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

{00351230.2 }    A-1

G. "Fairness Hearing" means the hearing that occurred on January 24, 2013 where the Court considered the fairness of the proposed settlement for final approval.

H. "Lawsuit" means the action pending in this Court as captioned above.

I. "Medical Expense" means Medical Expense no-fault coverage provided under a Covered Auto Policy.

J. "Medical Payments" means Medical Payments no-fault coverage provided under a Covered Auto Policy.

K. "No-Fault Law" means the Florida Motor Vehicle No-Fault Law, Sections 627.730-627.7405, Florida Statutes (2007-2011).

L. "No-Fault Coverage" means first party no-fault coverage issued by SENTRY INSURANCE in Florida during the class period including Personal Injury Protection, Medical Expense, and Medical Payments coverages.

M. "Order of Preliminary Approval" means the Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement entered in this Lawsuit.

N. "Party(ies)" means Plaintiff, individually and as representative of the Settlement Class, and SENTRY INSURANCE.

O. "Plaintiff" means the named plaintiff, St. Pete MRI, individually and as representative of the Settlement Class.

P. "Plaintiffs" means the named Plaintiff and the members of the Settlement Class as defined below, together with their heirs, successors, assigns, attorneys, agents and representatives.

Q.    "PIP" means personal injury protection, and when referring to PIP coverage shall mean Personal Injury Protection coverage provided under a Covered Auto Policy.

R.    "PIP Statute" means Section 627.736 of the No-Fault Law, enacted on October 11, 2007, and as amended thereafter, excluding any versions thereof scheduled to become effective January 1, 2013.

S.    "Release" means the Release referenced in Paragraph 10 of this Final Order and Judgment and attached as Appendix B hereto.

T.    "Released Claims" means the Released Claims as defined in the Release attached as Appendix B to this Final Order and Judgment.

U.    "Released Parties" means the Released Parties as defined in the Release attached as Appendix B to this Final Order and Judgment.

V.    "SENTRY INSURANCE" means Sentry Insurance a Mutual Company, Dairyland Insurance Company, Peak Property and Casualty Insurance Corporation, and Middlesex Insurance Company.

W.    "Settlement Agreement" means the Settlement Agreement and Stipulation approved by this Final Order and Judgment, together with all Exhibits referenced therein.

X.    "Settlement Class" means Settlement Class defined and described in paragraph 3 in this Final Order and Judgment.

Y.    "St. Pete MRI" means MRI Associates of St. Pete d/b/a Saint Pete MRI and each of its present and former principals, officers, directors, agents, employees, attorneys, predecessors, successors, parent companies, subsidiaries, affiliates, assigns, and/or anyone acting or purporting to act for it or on its behalf.

{00351230.2 }                                         A-3

      Z.     To the extent not defined above, any terms used herein shall have the meanings as set forth in the Settlement Agreement.

## APPENDIX B

## RELEASE

Except where otherwise indicated, all capitalized terms in this Release shall have the meaning set forth in Appendix "A" to the Final Order and Judgment.

The Plaintiff and all other Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class, hereby expressly acknowledge and agree, on their own behalf and on behalf of each of their respective heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, and present and former officers, directors, employees, insureds, attorneys, contractors, predecessors, successors, parent companies, subsidiaries, divisions, affiliates, and assigns, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, that they release and discharge the Released Parties of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against any of the Released Parties, either directly or indirectly, derivatively, on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity any right, liability, claim, or cause of action arising out of or relating to the Released Claims.

"Released Parties" means SENTRY INSURANCE, any person or entity covered or insured by SENTRY INSURANCE, and any third party that provided medical bill review or audit services to SENTRY INSURANCE, and each of their respective present and former officers, directors, employees, insurers, insureds, attorneys, predecessors, successors, parent companies, subsidiaries, affiliates, assigns, and/or anyone acting or purporting to act for them or on their behalf.

{00351230.2 }                    B-1

"Released Claims" means any and all claims, actions, demands, lawsuits, rights, liabilities, declarations, damages, losses, attorneys' fees, interest, expenses, costs and causes of action, whether accrued or unaccrued, known or unknown, fixed or contingent, including without limitation contractual or extra-contractual claims or damages (inclusive of bad faith), claims or damages at law or in equity, or penalties and punitive claims or damages of any kind or description which now exist or heretofore existed, by or on behalf of any Settlement Class Member against the Released Parties, including without limitation those which have been or could have been asserted in the Lawsuit, arising out of or relating to any Released Parties' calculation of amounts that may be charged and paid for medical services during the Class Period under PIP, Medical Expense, Medical Payments, or other no-fault coverages provided under a Covered Auto Policy arising from the application of the schedule of maximum charges set forth under Section 627.736(5)(a)2., Florida Statutes (2007-2011) to deductibles or payment of medical services.  Released Claims, as applied to SENTRY INSURANCE'S insureds, shall extend to any claim or liability to pay any of the amounts reduced by any of the Released Parties and released above; except that claims arising from the insureds' co-payment obligations or expenses incurred by the insureds outside the coverage scope or after exhaustion of the insureds' cumulative no-fault benefits are not released.

It is specifically understood that the failure of any party to comply with the terms of the Settlement Agreement, shall not be part of the Released Claims.

# APPENDIX "C"

## APPROVED OPT OUTS

| | TIN | Name |
|---|---|---|
| 1 | 262562595 | A1 Imaging, Centers, LLC d/b/a A1 Medical Imaging |
| 2 | 593682760 | Access Health Care, LLC dba Access Healthcare |
| 3 | 364646915 | Accident and Injury Clinic, Inc |
| 4 | 272397570 | Accu-Med Diagnostic Centers |
| 5 | 201313310 | Active Spine Center of Homestead |
| 6 | 593710252 | Advanced Imaging Ctr of Leesburg, LLC |
| 7 | 260834010 | Advanced X-Ray Analysis |
| 8 | 261289233 | Altamonte Springs Diagnostic |
| 9 | 650907147 | Amazing Touch Chiropractic, Inc. |
| 10 | 542125368 | American MRI |
| 11 | 631287427 | Athans Chiropractic, Inc. |
| 12 | 650357304 | Aventura Orthopedicare Center |
| 13 | 208484004 | B & A Diagnostic |
| 14 | 141868826 | B&T Medical Center |
| 15 | 264398776 | Back 2 Life Rehabilitation Center |
| 16 | 204642776 | Back in Motion, Sarasota Physical Therapy, P.L. dba Back In Motion Physical Therapy |
| 17 | 470916677 | Bacus Chiropractic, Inc. d/b/a Pam-Aire Medical & Rehab Center |
| 18 | 592425151 | Baptist Health Care d/b/a Baptist Health Care Corporation |
| 19 | 590657322 | Baptist Health Care d/b/a Baptist Hospital, Inc. |
| 20 | 592425149 | Baptist Health Care d/b/a Jay Hospital |
| 21 | 352274952 | Baptist Health Care d/b/a The Andrews Institute |

| | TIN | Name |
|---|---|---|
| 22 | 201888382 | Bartow HMA, LLC d/b/a Bartow Regional Medical Center |
| 23 | 043617670 | Beach Side Chiropractic |
| 24 | 592496970 | Bigley & Associates, d/b/a Premier Orthopedic of Orlando |
| 25 | 592896930 | Bixon Chiropractic Center |
| 26 | 453452528 | Bougie Center for Chiropractic and Alternative Medicine |
| 27 | 205471139 | Bowes Imaging Center LLC/Axcess Diagnostics Pointe West LLC |
| 28 | 203920577 | Broward Health and Wellness, P.A. |
| 29 | 320011427 | Broward Manual Rehad, INC |
| 30 | 650666516 | Cape Memorial Hospital, INC |
| 31 | 650308633 | Care First Chiropractic Center, Inc. |
| 32 | 204312626 | Carlisi Chiropractic Center, INC |
| 33 | 593309499 | Central Imaging Open MRI |
| 34 | 261412855 | Chiro Group, LLC |
| 35 | 651053324 | Chiro-Fitness Centers, Inc. |
| 36 | 900615626 | Chiropractic Care Clinic |
| 37 | 650653959 | Chiropractic Trust LLC dba Grasso Chiropractic |
| 38 | 200195256 | Citrus HMA, LLC d/b/a Seven Rivers Regional Medical Center |
| 39 | 452465229 | Coastal Medical Devices |
| 40 | 593609982 | Coastal Neurology |
| 41 | 800249622 | Coconut Creek Rehab Center |
| 42 | 204836807 | Complete Chiropractic Centers, Inc. |
| 43 | 593665349 | Complete Family Chiropractic Health Care, Inc. dba Complete Family Chiropractic Health Care |
| 44 | 593419083 | Complete Wellness Center of Orange City |
| 45 | 593361363 | Comprehensive Physician Services |

|    | TIN       | Name                                                                                        |
|----|-----------|---------------------------------------------------------------------------------------------|
| 46 | 593149879 | Comprehensive Physician Services                                                            |
| 47 | 331173075 | Coral Gables Chiropractic                                                                    |
| 48 | 202262581 | Corrective Chiropractic Spinal Rehabilitation Center, Inc. dba Corrective Chiropractic      |
| 49 | 650809221 | Country Line Chiropractic                                                                    |
| 50 | 582628310 | County Line Chiropractic East Plantation                                                     |
| 51 | 010617423 | County Line Chiropractic Pembroke Pines                                                       |
| 52 | 202618438 | County Line Chiropractic University at Commercial                                            |
| 53 | 562469428 | Daytona Chiropractic Clinic                                                                   |
| 54 | 203843806 | Dean M. Zusmer, DC PA                                                                         |
| 55 | 262747291 | Deerfield Beach Rehab                                                                         |
| 56 | 650977151 | Deltona Advanced Wellness Medical Center, inc                                                 |
| 57 | 593662722 | Demetree Chiropractic Group                                                                   |
| 58 | 272010333 | Digital Spinetics, P.A.                                                                       |
| 59 | 550840868 | Dimensional Imaging, Inc. dba Dimensional Imaging                                            |
| 60 | 141549916 | Dr. Anthony Cafiero, DC                                                                       |
| 61 | 650747457 | Dr. Anthony Caruso, P.A.                                                                      |
| 62 | 079380169 | Dr. Chris E. Langheir                                                                         |
| 63 | 203174914 | Dr. Gary R. Borkas, LLC, DC                                                                   |
| 64 | 591929046 | Dr. Robert Amara                                                                              |
| 65 | 651071685 | DSE Health Systems, Inc.                                                                      |
| 66 | 205144505 | Edward J. Leonard, D.C., PA dba Florida Wellness and Rehab                                   |
| 67 | 203067079 | Elite Imaging Aventura, LLC                                                                   |
| 68 | 651091915 | Elite Imaging LLC                                                                             |
| 69 | 264047926 | Elite Imaging Miami Beach LLC                                                                 |

| | TIN | Name |
|---|---|---|
| 70 | 593743793 | Excel Medical Imaging, P.L. |
| 71 | 261408615 | Excelsior Health Group |
| 72 | 760839912 | Family Chiropractic Center for Wellness dba Family Chiropractic Center for Wellness |
| 73 | 590724459 | Family Health Center |
| 74 | 593113170 | Fiorini Chiropractic Center, P.A. |
| 75 | 264732643 | First Choice Chiropractic Center |
| 76 | 272986390 | First Choice Chiropractic of Ormond, INC |
| 77 | 264399100 | First Choice Medical Rehabilitation Center |
| 78 | 590675143 | Flagler Hospital, Inc., d/b/a Flagler Hospital Inc |
| 79 | 593475930 | Florida Institute for Advanced Diagnostic Imaging |
| 80 | 043600705 | Florida Medical and Injury Center |
| 81 | 593393219 | Florida Medical Associates d/b/a All Family Clinic of Daytona Beach |
| 82 | 113829545 | Florida Medical Consultants |
| 83 | 611602735 | Florida Wellness and Rehab, P.A |
| 84 | 200892877 | Forest Hills Injury Center |
| 85 | 870751716 | Fort Myers Injury Center |
| 86 | 203222585 | Fort Myers Total Rehab Center |
| 87 | 275305874 | Ft. Lauderdale Medical Center, Inc. d/b/a Pompano Health Care Center |
| 88 | 203970506 | G&S Chiropractic |
| 89 | 593372467 | Gainesville Open MRI Center |
| 90 | 651096642 | Garrett R. Weinstein, D.C. PA |
| 91 | 650404712 | Glenn D. Berger, DC, P.A. dba Berger Chiropractic and Wellness |
| 92 | 262381360 | Gregory Cobb, D.C., dba Cobb Rehab and Wellness |
| 93 | 590714812 | Gulf Coast Medical Center |

|    | TIN | Name |
|----|-----|------|
| 94 | 593663681 | Gulf Coast Medical Center, Physical Therapy |
| 95 | 593184672 | Haines City HMA, LLC d/b/a Heart of Florida Regional Medical Center |
| 96 | 596001217 | Halifax Community Health System, d/b/a Halifax Hospital Medical Center |
| 97 | 592898487 | Halifax Healthcare Systems, Inc. (HHCSI), d/b/a Hallifax Health |
| 98 | 651078147 | Hallandale Open MRI |
| 99 | 593668826 | Hatch Orthopaedic, PA |
| 100 | 650832790 | Hernando HMA, LLC, d/b/a Brooksville Regional Hospital and Spring Hill Regional Hospital |
| 101 | 680045270 | HMA Santa Rosa Medical Center, LLC, d/b/a Santa Rosa Medical Center |
| 102 | 261829967 | Hochman Family Chiropractic, Inc. |
| 103 | 300118132 | Homosassa Open MRI, Inc. dba Homosassa Open MRI |
| 104 | 300310356 | ISO-Diagnostics Testing, Inc. |
| 105 | 205501032 | Jacksonville Injury Treatment Center |
| 106 | 593273215 | James K. Shea, M.D., Inc., dba Physical Medicine Pain Center |
| 107 | 650334133 | Jeffrey L. Katzell, M.D, PA dba Lake Worth Medical |
| 108 | 275198130 | Kendall Chiro, LLC |
| 109 | 261675235 | Keren H. Gomez, DC, PA |
| 110 | 650905661 | Key West HMA, LLC d/b/a Lower Keys Medical Center |
| 111 | 272695112 | Lake Shore HMA, LLC d/b/a Shands Lake Shore Hospital |
| 112 | 200353237 | Lake Worth Chiro Assoc. Inc., dba Chiro. Assoc. of Lake Worth |
| 113 | 650284931 | Lee Trachtenberg, DC, PA |
| 114 | 651144586 | Lehigh HMA, LLC, d/b/a Lehigh Regional Medical Center |
| 115 | 272691609 | Live Oak HMA, LLC, d/b/a Shands Live Oak Regional Medical Center |
| 116 | 273685864 | Live Well Chiropractic, PLLC |
| 117 | 593734662 | Long Chiropractic and Rehab Center |

| | TIN | Name |
|---|---|---|
| 118 | 203433894 | Madrid, LLC d/b/a Florida Open MRI |
| 119 | 593166891 | Marc Irwin Sharfman, M.D., PA, d/b/a Headache and Neurological Treatment Institute |
| 120 | 650906457 | Margate Chiropractic Clinic, Inc. |
| 121 | 590637874 | Martin Memorial Medical |
| 122 | 593421552 | Mauricio Chiropractic Clinics, P.A. |
| 123 | 204082639 | Mauricio Chiropractic East Colonial, LLC |
| 124 | 592882088 | Mauricio Chiropractic Group, Inc. |
| 125 | 261554712 | Mauricio Chiropractic Poiciana |
| 126 | 050589556 | Mauricio Chiropractic South, LLC |
| 127 | 590714831 | Mayo Clinic |
| 128 | 593337028 | Mayo Clinic Jacksonville |
| 129 | 273142044 | Melbourne HMA, LLC d/b/a Wuesthoff Medical Center - Melbourne |
| 130 | 272918526 | Millenium Healthcare Diagnostics, Inc. d/b/a Florida Open MRI |
| 131 | 223893326 | Miller Chiropractic & Medical Centers, INC, dba Premier Miller Orthopedic & Medical Centers and Premier Miller Auto Injury Treatment Centers |
| 132 | 264537216 | Miracle Chiropractic and Rehab Center |
| 133 | 650114395 | Mitchell R. Greenberg DC PA |
| 134 | 650002758 | Mitchell R. Pollak, M.D. P.A. |
| 135 | 542156456 | MR Services I, Inc., fka MR Services I, LLC |
| 136 | 753097607 | MRI Asociates of Spring Hill, Inc. dba Spring Hills MRI |
| 137 | 200144653 | MRI Associates of America |
| 138 | 272366208 | MRI Associates of Lakeland, LLC dba Highland MRI |
| 139 | 593548559 | MRI Associates of Tampa, Inc. dba Park Place MRI |
| 140 | 270611680 | MRIFL.com |

|     | TIN | Name |
| --- | --- | --- |
| 141 | 203889500 | Multicare Rehabilitation, LLC |
| 142 | 592390209 | Munroe Regional MC |
| 143 | 590694358 | Naples Community Hospital d/b/a Naples Community Hospital |
| 144 | 204401957 | Naples HMA, LLC, d/b/a Physicians Regional Medical Center |
| 145 | 251906328 | Naples Injury Treatment Center |
| 146 | 30509169 | New Smyrna Imaging, INC |
| 147 | 596012065 | North Broward Hospital District dba Broward Health |
| 148 | 800138574 | North Florida Chiropractic Center, Inc. |
| 149 | 8304231133 | North Lauderdale Chiropractic Center, Inc. |
| 150 | 371584924 | North Orlando Spine Center, LLC |
| 151 | 651147871 | Open Magnetic Scanning, Ltd. d/b/a Windsor Imaging |
| 152 | 650891853 | Open MRI & CT of South Miami dba Delray Diagnostics |
| 153 | 261998026 | Optimal Wellness and Rehab Center |
| 154 | 593322533 | Orlando Health d/b/a South Lake Hospital |
| 155 | 591726273 | Orlando Health, d/b/a Orlando Regional Medical Center |
| 156 | 591281292 | Orthopaedic Clinic of Daytona |
| 157 | 203728235 | OsceolaSC, LLC d/b/a St Cloud Regional Medical Center |
| 158 | 721572765 | Palm Aire-Medical & Rehab Center, Inc. d/b/a Fort Lauderdale Chiropractic & Rehab Center |
| 159 | 650937561 | Palm Beach Regional MRI, INC |
| 160 | 651057401 | Pan AM Diagnostic of Orlando |
| 161 | 651752350 | Pan AM Diagnostic Services, INC |
| 162 | 593773826 | Partners in Health F.O.R.M.E. Medical and Rehab Centers, Inc. |
| 163 | 593649652 | Pasco Regional Medical Center, LLC d/b/a Pasco Regional Medical Center |
| 164 | 200492277 | Phoenix Emergency Medicine of Broward, LLC |

|     | TIN | Name |
| --- | --- | --- |
| 165 | 263169744 | Phoenix Emergency Physicians of Inverness |
| 166 | 261075785 | Phoenix Emergency Physicians of the Leesburg, LLC |
| 167 | 203193795 | Phoenix Emergency Physicians of the Midwest, LLC |
| 168 | 200869744 | Phoenix Emergency Physicians of the Northeast, LLC |
| 169 | 202989157 | Phoenix Emergency Physicians of the Southeast |
| 170 | 200492167 | Phoenix Physicians, LLC |
| 171 | 201852902 | Port Charlotte HMA, LLC, d/b/a Peace River Regional Medical Center |
| 172 | 352273164 | Port Orange Chiropractic |
| 173 | 263827047 | Precision Diagnostics of Lake Worth, LLC |
| 174 | 261768737 | Precision Diagnostics, Inc. dba Precision MRI |
| 175 | 030515795 | Premier Injury & Treatment Centers, Inc. |
| 176 | 900148327 | Premier Miller Orthopedic Centers, INC |
| 177 | 593715125 | Premier Spine and Sports Medicine Center, P.A. |
| 178 | 650526360 | Punta Gorda HMA, LLC, d/b/a Charlotte Regional Medical Center |
| 179 | 263985067 | Quantum Chiropractic, LLC |
| 180 | 800627188 | Rivera Family Chiropractic Center LLC |
| 181 | 205024626 | Rivera Family Chiropractic Center, LLC |
| 182 | 650955290 | Robert Hochstein, PA |
| 183 | 263230620 | Roberto Rivera-Morales, M.D., dba AIA Management Services |
| 184 | 273142075 | Rockledge HMA, LLC d/b/a Wuesthoff Medical Center - Rockledge |
| 185 | 593104080 | S.M.S. DO PA, d/b/a Gulf Coast Medical Center |
| 186 | 590634434 | Sacred Heart Health System, Inc., d/b/a Sacred Heart Health System |
| 187 | 272586947 | Sacred Heart Hosptial on the Gulf Guild Inc. d/b/a Sacred Heart on the Gulf |
| 188 | 650425888 | Sebastian Hospital, LLC, d/b/a Sebastian River Medical Center |

| | TIN | Name |
|---|---|---|
| 189 | 592546390 | Sebring Hospital Management Associates, LLC, d/b/a Highlands Regional Medical Center |
| 190 | 274607036 | South Florida Health Group |
| 191 | 830466552 | South Florida Imaging & Diagnostic Center, Inc. |
| 192 | 262988335 | South Florida Mobile Open MRI, LLC dba Premier Diagnostic Imaging |
| 193 | 010813312 | South Main Pain, Inc. |
| 194 | 043800423 | Sports Imaging Centers, LLC d/b/a Windsor Imaging |
| 195 | 200669315 | St Lucie Injury Center |
| 196 | 590624449 | St. Vincent's Health System, Inc. d/b/a St Vincent's Medical Center |
| 197 | 593650609 | St. Vincent's Health System, Inc., d/b/a St Vincent's Health System |
| 198 | 593097338 | Stand-Up MRI Diagnostic Center, PA |
| 199 | 650256103 | Stand-Up MRI of Boca |
| 200 | 592036608 | Stand-Up MRI of Tallahassee |
| 201 | 272691760 | Starke HMA, LLC d/b/a Shands Starke Regional Medical Center |
| 202 | 650051880 | Steven M Horowitz, D.C. |
| 203 | 200370302 | Sunset Radiology, INC |
| 204 | 591917016 | Tallahassee Memorial Healthcare, Inc. d/b/a Tallahassee Memorial Hospital |
| 205 | 205330679 | Tampa Chiropractic Center |
| 206 | 261458002 | Tampa Injury Center |
| 207 | 202062668 | The Bay Medical Center Auxiliary, Inc. d/b/a Bay Medical Center |
| 208 | 453135721 | Titusville Chiropractic Center, INC |
| 209 | 201852812 | Venice HMA d/b/a Venice Regional Medical Center |
| 210 | 451598793 | Vision Diagnostic Services |
| 211 | 270277066 | Vision Imaging Open MRI |
| 212 | 590660025 | West Orange Healthcare District, d/b/a Health Central |

| | TIN | Name |
|---|---|---|
| 213 | 593507481 | Wynn Chiropractic, Inc. |
| 214 | 593082401 | Yates Chiropractic Associates |