## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MRI ASSOCIATES OF ST. PETE, INC.,
FIRST HEALTH CHIROPRACTIC
GROUP INC, ANGELS DIAGNOSTIC
GROUP INC, LOPEZ CHIROPRACTIC
CENTER CORP. and A&O SERVICE
CORP,

      Plaintiffs,

v.                                 Case No: 8:11-cv-665-T-30MAP

DAIRYLAND INSURANCE
COMPANY, PEAK PROPERTY AND
CASUALTY INSURANCE CORP.,
SENTRY INSURANCE, A MUTUAL
COMPANY and MIDDLESEX
INSURANCE COMPANY,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Lopez Chiropractic Center Corporation,

Angels Diagnostic Group, Inc., A&O Service Corporation, and First Health Chiropractic

Group, Inc.'s (the "Movants") Motion to Belatedly Opt Out of Settlement Class (Dkt. #79)

and Defendants' Response in Opposition to the Motion (Dkt. #80). The Court concludes

that the Motion should be denied.

*Background*

On February 21, 2011, MRI Associates of St. Pete, Inc. filed this lawsuit individually and on behalf of all those similarly situated against Defendants Dairyland Insurance Company, Peak Property and Casualty Insurance Corp., Sentry Insurance, a Mutual Company and Middlesex Insurance Company (the "Insurers"). The parties filed a Joint Motion to Approve Settlement of Class Action. This Court entered an Order Certifying Settlement Class and Preliminarily Approving Class Action Settlement and scheduled a Fairness Hearing for January 24, 2013. On December 14, 2012, the Class Administrator mailed out an Initial Notice Packet to over 5,000 potential class members, including instructions on how to request exclusion from the settlement class. Movants Angels Diagnostic Group, Inc., A&O Service Corporation, and First Health Chiropractic Group, Inc. were included in the list of potential class members to whom the initial packets were sent.

On January 24, 2013, the Court entered a Final Order and Judgment Approving Class Action Settlement and Dismissing Class Action Claims with Prejudice (Dkt. #58). Based on the Order, "all Settlement Class Members who have not been recognized by the Court as validly excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against the Released Parties…." The Court also authorized a Supplemental Notice of Class Action Settlement to an additional 1,054 potential class members, which included Lopez Chiropractic Center Corporation.

Movants Lopez Chiropractic Center Corporation, Angels Diagnostic Group, Inc., A&O Service Corporation, and First Health Chiropractic Group, Inc. filed lawsuits in state court in Florida against the Insurers. The Insurers responded with several motions challenging the lawsuits based on this Court's Final Order and Judgment which bars the Movants state court claims. Movants allege that neither they, nor their counsel, actually received the Initial or Supplemental Notice regarding the class action lawsuit. As a result, they claim excusable neglect and request that the Court allow them to belatedly opt-out of the class so they may proceed with their state court actions. Movants refer to affidavits to support these allegations, but as of the date of this Order, no affidavits were filed.

## I.      Legal Standard

Movants must meet the "excusable neglect" standard for opting out after the deadline. *Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d 1533, 1538 (11th Cir. 1996) *opinion clarified*, 92 F.3d 1074 (11th Cir. 1996) (finding no error in district's court's denial of movants request to opt out after deadline where their failure to act earlier was result of tactical decision.) "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." *In re HealthSouth Corp. Sec. Litig.*, 334 Fed. Appx. 248 (11th Cir. 2009) (holding that excusable neglect did not warrant enlargement of opt-out time). The relevant factors for excusable neglect are (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (*citing Pioneer*

*Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). *See also Valley Drug Co. v. Geneva Pharm., Inc.*, 262 Fed. Appx. 215, 219 (11th Cir. 2008).

"Cases analyzing excusable neglect confirm that the factors prescribed by *Pioneer* necessarily overlap and are not precisely defined. However … the starting point … in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 642 (M.D. Fla. 2002). The excusable neglect analysis in an untimely opt-out motion "presumes a candid, straight-forward, and undisputed explanation by the defaulting party of the reason for the failure to comply with the pertinent deadline. The absence of such an explanation … precludes a finding of excusable neglect." *Id.* at 643.

## II.        Movants Motion to Opt-Out of Class Settlement

The Movants assert that they delayed in opting out because "none of these plaintiffs, nor their counsel, were made aware of the class action suit until the Plaintiffs' counsel received the various Motions filed by the Defendants in the pending Florida County Court cases." They further assert that they never "received" the Initial or Supplemental Notice of Class Settlement, either individually or through counsel, and therefore should receive an extension to the opt-out deadline.

However, the Class Administrator verified in his affidavit that each of the Movants were sent the Class Notice in compliance with the notice plan adopted by the Court. (Dkt. #56). The Court's Final Judgment also held that the notice plan met all requirements under the law and that the Class Administrator complied with the notice plan. Further, in response

to this Opt-Out Motion, the Class Administrator filed an additional affidavit stating that each of the Movants were sent the notice plan to the addresses provided by the Movants on their bills to the Insurers as well as the designated addresses provided on the Florida Secretary of State's online database. Only Lopez Chiropractic's notice was returned as undeliverable, after which the notice was sent to the correct and current address. (Dkt. # 81) Affidavit of Joel Botzet filed 12/18/13. Therefore the Class Administrator has established that it mailed the Class Notice to each Movant.

### a. Rebuttable Presumption of Receipt

The common law recognizes a rebuttable presumption that an item properly mailed was received by the addressee. *Konst v. Florida E. Coast Ry. Co*., 71 F.3d 850, 851 (11th Cir. 1996) (internal citation omitted). "The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. The presumption is, of course, rebuttable." *Id*. However, "a party's failure to uncover an item, which it was presumed to have received, does not mean that it never received the item and does not rebut the presumption of delivery." *Barnett v. Okeechobee Hosp*., 283 F.3d 1232, 1241 (11th Cir. 2002).

Further, when determining whether an office receives an item mailed to it the court cannot rely on "the bare assertion of one member of the office that the mail was not received, since the mail might have been received by another. The court would need testimony about the office's practice and procedure for receiving and filing incoming mail—that is, circumstantial evidence—in order to draw an inference that the mail was or was not received." *Id. See also Wall v. Wall*, 392 Fed. Appx. 778, 779 (11th Cir. 2010)

("There is a presumption that an item mailed has been received."). Movants have provided no evidence to rebut the presumption that they received the notice except their bare allegations that "neither Plaintiffs nor its [sic] counsel received the Initial Notice Packet."

Further, actual receipt of the notice is not required to bind a class member. Pursuant to Fed.R.Civ.P. 23(c)(2)(B), a class member is entitled to "the best notice practicable under the circumstances, including individual notice to all members who can be easily identified through reasonable effort." This means that "the notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Gross v. Barnett Banks, Inc.*, 934 F.Supp. 1340, 1344 (M.D. Fla. 1995) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–315 (1950)).   The court in *Gross* held that the notice provided in that case satisfied the requirements of Rule 23(c)(2) and satisfied due process because the notice was sent to an address which was found in the banks records and which was thought to be accurate, despite the fact that address verification might have revealed the error. Further, given the large number of potential class members (106,000), verification was not practicable and therefore not required.

Courts have consistently recognized that, even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice.  *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) *cert. denied*, 133 S. Ct. 940 (U.S. 2013). *See also Adams v. S. Farm Bureau Life Ins. Co.*, 417 F.Supp. 2d 1373, 1380 n. 6 (M.D.Ga. 2006) ("The analysis for purposes of due process is on the notice plan itself, and actual receipt of notice by each individual class member is not required."), *aff'd*, 493 F.3d 1276

(11th Cir. 2007).  *See also In re Terazosin Hydrochloride Antitrust Litig.*, 18 Fla. L. Weekly Fed. D 690 (S.D. Fla. 2005) *aff'd sub nom. Valley Drug Co. v. Geneva Pharm.*, 179 Fed. Appx. 600 (11th Cir. 2006) ("Because the notice plan was fair and reasonable, and the Court found it to be the best notice practicable under the circumstances, the unfortunate fact that a particular [potential class member] may not have received actual notice has no bearing and does not warrant an extension of the opt-out date.")

Like the class members in the aforementioned cases, the Movants claim that they did not actually receive the Class Notice. They do not dispute that the Class Notice was sent to the correct address, nor do they offer any explanation as to why they may not have received the actual notices. Nonetheless, the court in *Gross*, upheld denial of extending the opt-out deadline even where there was proof the notice went to the wrong address.

Further, the Class Administrator sent the required notice under the Class Action Fairness Act ("CAFA") to the United States Attorney General, the Florida Attorney General, and the Commissioner of the Florida Office of Insurance Regulation. The Court found that Sentry Insurance complied with CAFA's notice requirement and therefore, the Movants as class members may not refuse to be bound by the Class Settlement. *See* 28 U.S.C. § 1715(e)(2). The Court therefore concludes that even if the Movants did not actually receive the Initial or Supplemental Class Notice, the lack of receipt would not be enough to establish excusable neglect.

### b.  Undue Delay

The Movants filed this Motion over ten months after the initial Opt-Out Deadline. Even assuming that none of the Movants received the Initial or Supplemental Class Notice,

all of the Movants, and their counsel the Law Offices of Gonzalez and Associates, except Lopez Chiropractic, received an additional notice of the Class Settlement several months before they filed this Motion. Movants' counsel sent personal injury protection ("PIP") demand letters that are statutorily required prior to filing a lawsuit on behalf of the Movants to the Insurers. The Insurers responded by certified mail, return receipt requested, with court-approved letters informing counsel of the Class Settlement. These letters were mailed between October and December 2012, to the Law offices of Gonzalez and Associates on behalf of First Health Chiropractic, Inc., Angels Diagnostic, and A & O Service Corporation. Therefore, the Movants have had an additional opportunity to receive notice and several months to request an extension, and failed to do so.

### c. Prejudice to the Defendants

Movants assert that there would be no prejudice to the Defendants if the Court allows them to opt out of the Settlement Class because there is little to no impact "on the Defendants in the Class Action suit since there were over 6,000 potential class members and 500 exercised the right to opt-out." However, the Defendants have demonstrated prejudice. The Movants have filed over fifty new individual lawsuits, and have continued to prosecute other pending lawsuits. In those cases, the Plaintiffs seek to impose attorney's fees and costs against the Defendants for which they would not be liable under the Class Settlement.  *See Terazosin Hydrochloride Antitrust Litig.*; 18 Fla. L. Weekly Fed. D 690 (holding that even though the length of the delay was not substantial, "Defendants would be prejudiced in that they would be required to litigate against entities who inexcusably failed to submit timely opt-out forms.")

*Conclusion*

The Court concludes that the Movants were members of the Settlement Class, that they were sent adequate notice of the Class Action and their right to opt-out of the class, and that they failed to timely opt out.  The Movants have not demonstrated excusable neglect and are therefore not entitled to an extension of time to opt out of the Class Settlement.

It is therefore ORDERED AND ADJUDGED that Lopez Chiropractic Center Corporation, Angels Diagnostic Group, Inc., A&O Service Corporation, and First Health Chiropractic Group, Inc.'s Motion to Belatedly Opt Out of Settlement Class (Dkt. #79) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of January, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2011\11-cv-665 motion to opt out 79.docx